# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC.,<br><br>　　　　Defendants. | Case No. 2:09-CV-01178-KJD-PAL<br><br>**ORDER** |

　　　　Presently before the Court is Plaintiff's Appeal and Objections to Magistrate Judge's Order (#29). Defendants filed a response in opposition (#32), to which Plaintiff replied (#34). The Objections were filed pursuant to Local Rule IB 3-1 of the Local Rules of Practice of the United States District Court for the District of Nevada.

　　　　Defendants are required to demonstrate that the magistrate judge's ruling is clearly erroneous or contrary to law. The Court finds that the magistrate's Order (#29) is neither clearly erroneous nor contrary to law under Federal Rule of Civil Procedure 72(a). See 28 U.S.C. § 636(b)(1)(A). This Court does not have a definite and firm conviction that a mistake has been made. See Weeks v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

The EEOC failed to make any good faith efforts to meaningfully meet and confer to resolve the dispute before seeking a protective order. See Nevada Power v. Monsanto, 151 F.R.D. 118 (D. Nev. 1993). The initial letter sent by the EEOC was vague. The EEOC requested Defendants not to ask questions in depositions which sought "discovery regarding immigration related information," or "information that could be related to immigration status." The subsequent letter threatened the use of a protective order. These attempts fall far short of an attempt to meet and confer in good faith as the magistrate judge properly found.

Plaintiffs have misapplied the *Nibco* case. In *Nibco*, the court allowed some of the exact same questions at issue in this case. See Rivera v. Nibco Inc., 363 F.3d 1057, 1062 (9th Cir. 2004). The EEOC never claimed that defense counsel asked any claimants about their immigration status. They allowed four claimants to be asked those questions only occasionally opposing on relevance grounds. The EEOC even acknowledges that the defense asked certain questions to certain witnesses and not to others. Furthermore, the questions were routine background questions commonly asked in civil litigation.

Moreover, the magistrate judge accurately characterized Plaintiff's "chilling effect" argument as "grossly over broad," and too subjective, stating that, "[g]ranting such an order would permit the EEOC to object and instruct witnesses not to answer questions, which either the claimants or counsel for the EEOC subjectively, rather than objectively, believed 'could have' a chilling effect on the claimants or others." Plaintiff may bring a subsequent motion for a protective order to the magistrate judge only after renewed and well documented good faith attempts to meaningfully meet and confer have failed.

////

////

////

////

////

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Appeal of and Objections to the Magistrate Judge's Order (#29) are **DENIED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order (#26) is **AFFIRMED**.

DATED this 16th day of May 2011.

_____
Kent J. Dawson
United States District Judge