Anna Y. Park, CA SBN 164242
Peter F. Laura, CA SBN 116426
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1079
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Veronica Arechederra Hall
JACKSON LEWIS LLP
3960 Howard Hughes Parkway, Suite 450
Las Vegas, Nevada 89169
Telephone: (702) 921-2460
Facsimile: (702) 921-2461

Attorneys for Defendant
SIMON PROPERTY GROUP, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

SIMON PROPERTY GROUP, INC.,

Defendant(s).

Case No.: 2:09 CV 01178 KJD PAL

**CONSENT DECREE; ORDER**

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Simon Property Group, Inc. (referred to as "Simon" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII"). The EEOC's complaint alleges that Enrique Bautista, Hugo Erives, Jose Gutierrez, Rigoberto Gutierrez hereafter referred to as the "Charging Parties," and other similarly situated individuals, including Roberto Ocampo-Sanchez, were subject to unlawful employment practices on the basis of their national origin (Hispanic/Latino). The complaint alleges that Charging Parties and others were subjected to national origin harassment in violation of Title VII during their employment with Defendant. Simon denies the allegations raised in the EEOC's complaint.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties to this Consent Decree ("Decree") are the EEOC and Simon. This Decree shall be binding on and enforceable against Simon and its, agents, successors, and assigns.

B. The Parties have entered into the Decree for the following purposes:

1. To resolve disputed matters and to avoid expensive and protracted costs incident to this litigation;

2. To provide the Commission and affected individuals monetary and equitable relief; and

3. To ensure that Defendant's employment practices comply with Title VII.

**III.**

**RELEASE OF CLAIMS**

A. This Decree fully and completely resolves and releases all claims between Defendant, and the EEOC for claims brought on behalf of the Charging Parties and all similarly situated individuals, and all claims that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, District of Nevada on June 30, 2009, captioned U.S. Equal Employment Opportunity Commission v. Simon Property Group, Inc., et al., Case No. 2:09 CV 01178, (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

E. Nothing in this Decree shall constitute an admission or evidence of liability or a violation of Title VII.

**IV.**

**EFFECTIVE DATE AND DURATION OF DECREE**

A. The provisions and agreements contained here are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided here, the Decree shall remain in effect for two years after the Effective Date and, provided that the terms of the Decree

have been completed, it shall expire and dissolve on the date that is two years after the Effective Date, unless the term of the Consent Decree is extended by the Court.

## V.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained here. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C. By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.

## JURISDICTION

A. This Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

**VII.**

**COMPLIANCE AND DISPUTE RESOLUTION**

A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

**VIII.**

**MONETARY RELIEF**

A. In settlement of all monetary claims of EEOC's case and of claimants, the Defendant shall pay a total of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00). Allocation of settlement monetary amounts for each claimant in this case shall be at the sole discretion of the EEOC.

B. The EEOC shall provide a list identifying the individuals who are claimants, the amounts to be paid, and relevant identifying information, (hereafter "Distribution List"). Within ten (10) business days of receipt of the Distribution

List, the Defendant shall send checks pursuant to the Distribution List via certified mail, return receipt requested.

C. Since the amount is designated as compensatory damages, no federal and state withholding taxes shall be made. The claimants shall pay taxes, if any, which are required by law to be paid with respect to the settlement amount. Defendant shall prepare and distribute IRS Form 1099 or equivalent form(s) to claimants; and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

D. On the same day as when the settlement checks are sent to claimants, Defendant shall submit a copy of each check and related correspondence to Anna Park, EEOC Regional Attorney, at the office address on the caption page of this Decree.

## IX.

## GENERAL EQUITABLE RELIEF

### A. Discrimination Based on National Origin

Simon, its officers, agents, management (including all supervisory employees), successors, and assigns, hereby agree not to: (a) harass or tolerate harassment against persons on the basis of national origin in the terms and conditions of employment; and (b) engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of national origin.

### B. Retaliation

Simon, its officers, agents, management (including all supervisory employees), successors, assigns, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Simon, or either of them, because he or

she has in the past, or during the term of this Decree in good faith: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Simon) or proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

**C. Posting of Notice of Consent Decree**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) in each of its facilities that are operational as of the Effective Date in Nevada during the term of the Decree.

**D. Equal Employment Opportunity Coordinator**

1. Within thirty days after the Effective Date, Defendant shall designate an in-house Equal Employment Opportunity Coordinator located in its corporate headquarters to implement and monitor Defendant's compliance with Title VII and the provisions of this Decree. The Coordinator's responsibilities shall include:

a. Assisting Defendant in reviewing and, if necessary, revising its national origin harassment and retaliation policies and complaint procedures so that they comply with the requirements of Subsection IX.E below;

b. Assisting Defendant in training managerial and staff/hourly employees on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of national origin harassment and retaliation;

   c. Assisting Defendant in monitoring and assuring the adequate investigation of all complaints of national origin harassment and/or retaliation;

d. Assisting Defendant in properly communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

e. Assisting Defendant in administering appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

f. Assisting Defendant in ensuring that all reports required by this Decree are accurately compiled and timely submitted and further ensuring compliance with the terms of this Decree.

**E. Anti-Harassment Policy and Complaint Procedure for National Origin Harassment and Retaliation**

1. Within sixty (60) days of the Effective Date, Defendant, with the assistance of its in-house Coordinator, shall review and, if necessary, revise its policy against and complaint procedure for national origin harassment and retaliation. The policy and complaint procedure shall include:

a. a clear explanation of prohibited conduct: national origin harassment and retaliation;

b. an assurance that employees who make complaints of national origin harassment or provide information related to such complaints will be protected from retaliation;

c. a clearly described complaint process for national origin harassment and retaliation that provides accessible avenues of complaint against

co-workers, and complainant's supervisors and that allows for complaints to be initiated verbally or in writing;

d. a complaint process that provides a prompt, thorough, and impartial investigation;

e. an assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

f. a procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and if any remedial action was taken; and

g. assurance that Defendant will take immediate and appropriate corrective action when it determines that national origin harassment or any subsequent retaliation has occurred.

**F. <u>Distribution of Defendant's Policies Against and Complaint Procedures for National Origin Harassment and Retaliation</u>**

1. For the term of this Decree, all new employees hired in Nevada shall receive within thirty (30) days of hire Defendant's policy against and complaint procedure for national origin harassment and retaliation.

2. For the term of this Decree, all employees promoted from non-managerial to managerial positions in Nevada shall receive within thirty (30) days of promotion any policies and procedures of Defendant's against and about national origin harassment and retaliation applicable to managerial employees.

**G. <u>Training</u>**

1. Within sixty (60) days after the Effective Date, the Defendant, with the assistance of its in-house Coordinator shall provide live training of at least 2 hours in duration about its policy against and complaint procedure for national origin harassment and retaliation to its managerial and human resources employees and a separate live training of at least 1 hour in duration for its non-managerial

staff/hourly employees. The Defendant's employees to be trained are those who work at all of Defendant's office(s) and facilities in Nevada.

2. The training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of national origin harassment and retaliation; and how to take preventive and corrective measures against national origin harassment and any subsequent retaliation.

3. Defendant shall conduct the training described in Paragraphs G.1 and G.2 above once during every twelve-month period thereafter for the term of this Decree.

4. For any employees who miss the scheduled training described in this section, the Defendant shall show a video recording of the scheduled training to these employees within thirty (30) days of the scheduled training.

5. All employees required to attend such training shall verify their annual attendance in writing.

## X.

## RECORD KEEPING AND REPORTING

### A. Record Keeping

The Defendant shall work with the in-house Coordinator to establish a record-keeping procedure that provides for the centralized tracking of complaints received from its Nevada facilities regarding national origin harassment and retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of national origin harassment, and a retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging each employee's receipt of Defendant's policy and complaint procedure against national origin harassment and retaliation;

3. A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one; and

4. The Defendant shall provide to the Commission upon request all documents generated in connection with any national origin harassment or retaliation complaint regarding its employees received from its Nevada facilities, the related investigations, and resolutions. The Commission shall give Defendant thirty (30) days' notice of any request for documents pursuant to this paragraph.

**B. <u>Reporting</u>**

The Defendant shall provide the following reports to the Commission once during each twelve-month period of the Decree:

1. the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

2. a copy of Defendant's policy against national origin harassment and retaliation (only required for first report, unless changed) and the signed acknowledgements of the employees who received a copy of Defendant's policy against national origin harassment and retaliation;

3. Documents received and/or generated in regarding any complaint about national origin harassment and/or retaliation for complaining about national origin discrimination and/or harassment. This report shall include the following for each complaint during the reporting period:

(a) the name, national origin and title of the complaining party(ies);

(b) the date of the complaint;

(c) the name, national origin and title of the alleged harasser(s);

(d) the name, national origin and title of the person(s) who conducted the investigation into the complaint;

(e) the nature of the complaint (i.e. comments, acts, pictures, etc.);

(f) the date of the commencement and completion of the investigation;

(g) a brief description of the investigation; and

(h) the outcome of the investigation and any action taken.

4. Verification of Defendant's compliance with all of the requirements of this Decree; and

5. All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

**XI.**

**COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE CONSENT DECREE**

Defendant shall bear all of its own costs associated with its administration and implementation of its obligations under this Decree.

**XII.**

**COSTS AND ATTORNEYS' FEES**

Each party shall bear its own costs of suit and attorneys' fees.

**XIII.**

**MISCELLANEOUS PROVISIONS**

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of

Defendant's Nevada facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D. The parties agree to entry of this Decree and judgment subject to final approval by this Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Dated: November 8, 2011

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANNA Y. PARK

By: ______________________
Anna Y. Park
Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: November 8, 2011

**DEFENDANT SIMON PROPERTY GROUP, INC.**

JACKSON LEWIS LLP

By: ______________________
Veronica Arechederra Hall
Attorneys for Defendant Simon Property Group, Inc.

Case 2:09-cv-01178-KJD-PAL Document 44 Filed 11/09/11 Page 14 of 16

**ORDER**

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Date: November 9, 2011

By: ______________________________

THE HON. KENT J. DAWSON
United States District Court Judge

4841-0647-9372, v. 1

# ATTACHMENT A

**NOTICE TO ALL EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the federal court in EEOC v. Simon Property Group, Inc. 2:09 CV 01178 KJD PAL (D.C. Nev.), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Simon Property Group, Inc. ("Simon") subjected employees to national origin harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Simon is committed to complying with Title VII and has agreed to training and reporting requirements pursuant to the Consent Decree.

To resolve this lawsuit, the parties have agreed to enter into a Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at 333 South Las Vegas Boulevard, Suite 8112, Las Vegas, Nevada (702) 388-5099. The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any management official of Simon for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under Title VII. Should any such retaliatory actions be taken against you, you should contact the EEOC at the address listed above.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted until November 8, 2013 and must not be altered, defaced or covered by any other material.

Date:____________________

______________________________
Simon Property Group

4844-4870-8620, v. 1